```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
SYLVIA ANN MINES,

                Plaintiff,                    Memorandum and Order

     -against-                                 18-CV-5747(KAM)(SJB)


CITY OF NEW YORK, et al.,

                Defendants.
----------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

Presently before the court in this lawsuit brought under 42 U.S.C. § 1983, against the City of New York and two of its police officers, is the defendants' motion to dismiss (ECF No. 74) the plaintiff's amended complaint (ECF No. 21).  For the reasons herein, the defendants' motion to dismiss is GRANTED.

## Background

Sylvia Ann Mines ("Plaintiff"), acting *pro se*, initiated this action by filing a complaint on October 10, 2018 against the City of New York and two New York City Police Department ("NYPD") officers[1] (collectively, "Defendants"). (ECF No. 1, Complaint.)  Plaintiff alleged that on October 10, 2015, she called the police in an attempt to make a report, and the two NYPD officers who responded to her call used excessive force

---

[1] The complaint listed two John Doe NYPD officers.  In response to this court's order, the City of New York subsequently identified the two police officers as Joseph Ferrari and Thomas Larson.

against her, breaking bones in her arm and neck.  (*Id.* at 5-6.) Plaintiff alleged that as a result of Defendants' use of excessive force, she required surgery and extended hospitalization.  (*Id.* at 6.)

Approximately one month after filing her complaint, Plaintiff submitted a letter to the court "requesting an amend[ment] of the date that the NYPD injured [her] and used force on" her, which she now claimed was October 8, 2015, rather than October 10, 2015.  (ECF No. 9, Letter from Plaintiff dated November 16, 2018.)

On April 11, 2019, with leave of the court, Plaintiff filed an amended complaint.  (ECF No. 21, Amended Complaint ("Am. Compl.").)  In her amended complaint, Plaintiff made the same allegations of excessive force, and, as she did in her original complaint, alleged that the incident took place on October 10, 2015.  (*Id.* at 5.)

Defendants now move to dismiss the amended complaint. (ECF No. 74, Motion to Dismiss; *see* ECF No. 77, Memorandum of Law in Support ("Mem."); ECF No. 79, Reply in Support). Plaintiff opposed the motion.  (ECF No. 78, Memorandum in Opposition ("Opp.").)

### Legal Standard

Plaintiff's complaint must be dismissed if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss under Rule 12(b)(6), the court evaluates the sufficiency of a complaint under a "two-pronged approach." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, courts are not bound to accept legal conclusions when examining the sufficiency of a complaint. *See id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Second, the court must assume all well-pleaded facts are true, and then "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 ("Section 1983"), which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights

elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

To maintain a Section 1983 claim, a plaintiff must plausibly allege two elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Id.*; *see also McCugan v. Aldana- Brnier*, 752 F.3d 224, 229 (2d Cir. 2014).

Where, as here, a plaintiff is proceeding *pro se*, the court must construe the plaintiff's pleadings liberally. *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). However, a *pro se* complaint must still state a claim to relief that is plausible. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

### Discussion

Defendants offer two primary reasons that Plaintiff's claims should be dismissed: (1) Plaintiff's excessive force claim is time-barred under the applicable statute of

4

limitations, and (2) the instant action is duplicative of an action Plaintiff filed in state court.[2]

### I. Statute of Limitations

Plaintiff brought her constitutional claims pursuant to Section 1983, which does not contain a statute of limitations. "Since Congress did not enact a statute of limitations governing actions brought under [Section] 1983, the courts must borrow a state statute of limitations." *Lounsbury v. Jeffries*, 25 F.3d 131, 133 (2d Cir. 1994). The Supreme Court has directed that in Section 1983 suits, the applicable statute of limitations is the one that "the [s]tate [in which the cause of action arose] provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). "In New York, the personal injury statute of limitations that applies to [S]ection 1983 actions is three years." *Quiles v. City of New York*, No. 01-cv-10934, 2003 WL 21961008, at *5 (S.D.N.Y. Aug. 13, 2003); *see Paige v. Police Dep't of City of Schenectady*, 264 F.3d 197, 199 n.2 (2d Cir. 2001).

---

[2] Defendants also argue that, if the court were to read Plaintiff's complaint liberally as pleading claims for assault and battery, those claims would also be barred by the statute of limitations, and in the alternative, the court should decline to exercise supplemental jurisdiction over them. The court need not discuss these issues in depth. As discussed below, any state law claims the court would construe as having been brought by Plaintiff would be duplicative of the action filed in state court, and the court would decline to resolve them.

Therefore, if the incident that gave rise to this action occurred on October 8, 2015, as Plaintiff stated in her letter requesting an amendment (*see* ECF No. 9), then the limitations period expired on October 8, 2018, and Plaintiff's first complaint, filed on October 10, 2018, would be deemed untimely. If, however, the incident occurred on October 10, 2015, as Plaintiff alleged in both of her complaints, then her first complaint was filed just in time.

Defendants point to several documents outside of the amended complaint to argue that the incident in question occurred on October 8, not October 10. Specifically, Defendants provided a copy of a NYPD Intergraph Computer-Aided Dispatch Report, dated October 8, 2015, which purportedly shows that Plaintiff called the police on that date and was subsequently transported to the hospital. (ECF No. 75, Declaration of Nicolette Pellegrino ("Pellegrino Decl."), at ¶ 4 & Ex. C.) Defendants also provided a copy of the complaint Plaintiff filed in Queens County Supreme Court in New York, which alleges that the incident occurred "on or about the 8th day of October 2015." (*Id.* at ¶ 2 & Ex. A.) Lastly, Defendants point out that at a conference before the court, Plaintiff stated that she "got injured on the 8th," and "went to the hospital on the 8th of

6

October of 2015 because the police officers took [her] there in handcuffs." (*Id.* at Ex. B, 2:22-25.)

None of these documents are referenced directly in the amended complaint, although the court may still be able to consider them at this stage, either because "they are integral to [P]laintiff's action," *Condit v. Dunne*, 317 F. Supp. 2d 344, 357 (S.D.N.Y. 2004), or if the court were to give notice to Plaintiff and convert Defendants' motion to dismiss into a motion for summary judgment, s*ee Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991). The court need not decide whether it can consider these documents, because in her opposition to the motion to dismiss, Plaintiff concedes that she "was arrested 10/8/2015." (Opp. at 3.) Plaintiff thus does not, and could not, argue that this lawsuit was filed within the statute of limitations. Rather, Plaintiff argues that "good cause supports tolling the statute of limitations," because she "filed th[e] [c]omplaint within [three] years of learning of the extent of [her] injuries." (*Id.*)

"[A]n excessive force claim accrues 'when the use of force occurred,'" *McClanahan v. Kelly*, No. 12-cv-6326, 2014 WL 1317612, at *4 (S.D.N.Y. Mar. 31, 2014) (quoting *Jefferson v. Kelly*, No. 06-cv-6616, 2008 WL 1840767, at *3 (E.D.N.Y. Apr. 22, 2008)), not when a plaintiff discovers his or her injuries.

7

"Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that [s]he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *Wallace v. Kato*, 549 U.S. 384, 391 (2007). Because Plaintiff concedes that the arrest during which excessive force was allegedly used occurred on October 8, 2015, the three-year statute of limitations expired on October 8, 2018, two days before Plaintiff initiated this action.

The only way that Plaintiff's lawsuit would not be barred by the statute of limitations would be if the court were to equitably toll the statue. As with the length of the statute of limitations, federal courts considering whether the statute is tolled in a Section 1983 lawsuit generally look to the law of the state in which the constitutional deprivation allegedly occurred. *See Pearl v. City of Long Beach*, 296 F.3d 76, 81 (2d Cir. 2002).

In New York, equitable tolling is only available where the accrual of the cause of action was concealed from the plaintiff, or when the defendant prevented the plaintiff from bringing a case. *See id.* at 82 ("New York appears to use the label 'equitable estoppel' to cover both the circumstances where the defendant conceals from the plaintiff the fact that he [or she] has a cause of action [and] where the plaintiff is aware of

8

his [or her] cause of action, but the defendant induces him [or her] to forego suit until after the period of limitations has expired.") (quotation omitted); *see also Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) ("Under New York law, the doctrines of equitable tolling or equitable estoppel may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.") (quotation omitted).

There is no allegation here that Defendants concealed the cause of action, or that they prevented Plaintiff from filing her complaint. Accordingly, equitable tolling is not available, and Plaintiff's lawsuit is time-barred. The court acknowledges the harsh nature of the imposition of a statute of limitations in a case in which Plaintiff alleges that she suffered serious injuries at the hands of police officers. Plaintiff is proceeding *pro se*, so the court must construe her allegations liberally, and her action was filed a mere two days after the statute of limitations expired. But the court is bound to apply the law fairly to all, and "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980).

9

Accordingly, this Section 1983 action is time-barred by the statute of limitations, and must be dismissed.

## II. Duplication of State Court Proceedings

Defendants also argue that this action is duplicative of a case Plaintiff filed in New York state court, and that this court should therefore dismiss this action pursuant to the *Colorado River* abstention doctrine. (Mem. at 7-9.) Plaintiff did not address this issue in her opposition to Defendants' motion to dismiss. At an earlier stage of this litigation, in response to an order that Plaintiff advise the court of why she filed parallel cases, Plaintiff represented that she "met with several lawyers when [she] was looking to bring this case," and "[t]wo of them decided not to take it, and the third was interested," but "[h]e never filed the case." (ECF No. 34, Letter from Plaintiff dated June 25, 2019.) Thus, to Plaintiff's knowledge, she did "not have a case in Queens County Supreme Court, or any other state court." (*Id.*)

Defendants submitted as an exhibit to their motion to dismiss a copy of a summons and complaint filed in Queens County Supreme Court by Neville O. Mitchell, Esq., on behalf of Plaintiff, against the City of New York and two John Doe police officers. (Pellegrino Decl., Ex. A.) The complaint alleged that Plaintiff suffered injuries as a result of excessive force

used by two police officers on or about October 8, 2015. (*See generally id.*) The case was assigned index number 7672, and based on this court's search of the Queens County Clerk's Office's online system, the case was opened on October 5, 2018, and no further documents have been filed.[3]

Accordingly, even if this action were not barred by the statute of limitations, the court would be inclined to dismiss it, given the existence of the earlier-filed state action raising similar claims. Under the Supreme Court's decision in *Colorado River Water Conservation v. United States*, 424 U.S. 800 (1976), a federal court may abstain from deciding a case where there is a parallel action in state court, taking into account (1) whether the controversy involves a *res* over which one of the courts has assumed jurisdiction, (2) whether the federal forum is less inconvenient than the other for the parties, (3) whether staying or dismissing the federal action will avoid piecemeal litigation, (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other, (5) whether federal law provides the rule of decision, and (6) whether the state procedures are adequate to protect the plaintiff's federal rights. *See*

---

[3] A search of the Queens County Clerk's Office's system is available at https://iapps.courts.state.ny.us/qcco/.

11

*Woodford v. Cmty. Action Agency of Greene Cty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001).

Here, even if this court had not determined that Plaintiff's action in federal court was untimely, this court would abstain to allow Plaintiff to pursues her rights in state court, particularly because her case in state court appears to have been filed first (and on time, with respect to any claims against the individual officers).[4] The court is not aware of any reason that the state court would not be able to fairly hear Plaintiff's claims under state law.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's amended complaint is GRANTED. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment in favor of Defendants, serve a copy of this Memorandum and Order and the

---

[4] Under New York law, "[n]o action or special proceeding shall be prosecuted or maintained against a city, county, town, village, fire district or school district for personal injury . . . unless . . . the action or special proceeding [was] commenced within one year and ninety days after the happening of the event upon which the claim is based . . . ." N.Y. Gen. Mun. Law § 50-i(1).

12

judgment on Plaintiff, note service on the docket, and close this case.

**SO ORDERED.**

Dated:   Brooklyn, New York
         August 19, 2020

                                                _____/s/_____
                                                Hon. Kiyo A. Matsumoto
                                                United States District Judge